NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

VINCENT JAMES LANDANO, et al.

           Plaintiffs,           CIVIL NO. 99-4705 (GEB)

   v.

HUDSON COUNTY, NEW JERSEY
PROSECUTOR'S OFFICE, et al.,      **MEMORANDUM OPINION**

           Defendants.

**BROWN, Chief District Judge**

    This matter comes before the Court upon Defendants City of Newark and Town of Kearny (hereinafter "Defendants") Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56.[1] The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons discussed below, will grant Defendants' Motions for Summary Judgment.

**I.    BACKGROUND**

    Plaintiffs Camille R. Landano and the Estate of Vincent James Landano brought this civil

---

[1] Although filed as two separate Summary Judgment Motions [Docket Entry #s 145 and 150], Defendant Town of Kearny expressed its desire to "join" in Defendant City of Newark's previously filed motion. Additionally, Plaintiffs responded to both motions in a single opposition. As such, this Court shall issue a single Memorandum Opinion and Order in response to both Defendants' Summary Judgment Motions.

action against: the Hudson County Prosecutor's Office[2]; Thomas M. Mulcahy, Esq.[3]; State of New Jersey[4]; Estate of James O'Halloran, Esq.[5]; Harold Ruvoldt, Esq.[6]; Paul M. DePascale, Esq.[7]; Carmen Messano, Esq.[8]; Fred J. Theemling, Esq.[9]; John Farmer, Esq., then New Jersey Attorney General[10]; New Jersey State Police[11]; United States Customs Service[12]; City of Newark;

---

[2] Defendant Hudson County Prosecutor's Office subsequently entered into a settlement agreement with Plaintiffs and an Order dismissing the action as to said defendant was entered on November 29, 2004.

[3] Defendant Thomas M. Mulcahy, Esq. moved for summary judgment which was granted on October 19, 2001.

[4] Defendant State of New Jersey moved for summary judgment which was granted on May 25, 2000.

[5] Defendant Estate of James O'Halloran, Esq. subsequently entered into a settlement agreement with Plaintiffs and an Order dismissing the action as to said defendant was entered on November 29, 2004.

[6] Defendant Harold Ruvoldt moved for summary judgment which was granted on September 21, 2001.

[7] Defendant Paul M. DePascale moved for summary judgment which was granted in part and denied in part. Defendant DePascale subsequently entered into a settlement agreement with Plaintiffs for the remaining counts and an Order dismissing the action as to said defendant was entered on November 29, 2004.

[8] Defendant Carmen Messano moved for judgment on the pleadings which was treated as a motion to dismiss and granted in part and denied in part. Defendant Messano subsequently entered into a settlement agreement with Plaintiffs for the remaining counts and an Order dismissing the action as to said defendant was entered on November 29, 2004.

[9] Defendant Fred J. Theemling moved for summary judgment which was granted on August 30, 2001.

[10] Defendant John Farmer was dismissed as a defendant by Order dated April 24, 2001.

[11] Defendant New Jersey State Police was dismissed as a defendant by Order dated April 24, 2001.

[12] Defendant United States Customs Service was dismissed as a defendant by Stipulation on May 4, 2000.

and Town of Kearny.  Plaintiffs' alleged various violations of Jimmy Landano's constitutional and civil rights by the named defendants, all of which relate to Jimmy Landano's prosecution for the 1976 murder of Newark Police Officer John Snow.

The facts are summarized as follows.  On August 13, 1976, two gunmen robbed the "Hi-Way Check Cashing Service" in Kearny, New Jersey.  (Am. Compl. ¶21.)  One of the gunmen shot and killed Newark Police Officer John Snow.  (Am. Compl. ¶20.)  Previously listed Plaintiff Jimmy Landano was arrested by the Staten Island Police Department on August 27, 1976.  (Am. Compl. ¶24.)  Landano was convicted of Officer Snow's murder and related offenses on April 19, 1977.  (Am. Compl. ¶59.)  Landano challenged his conviction in both state and federal courts contending that his conviction was tainted by prosecutorial misconduct.  (Am. Comp. ¶68.)  Jimmy Landano was eventually granted post-conviction relief by the Superior Court of New Jersey, Appellate Division.  (Am. Compl. ¶69.)  The Appellate Division found that Landano's due process rights were violated when the prosecution withheld exculpatory evidence based on the following facts: (1) the prosecution's chief witness had committed numerous armed robberies similar to the robbery with which Landano was charged; (2) the witness and his closest associate had committed an earlier armed robbery in which they used and fired the same gun used to kill Officer Snow; (3) the principal identification witness's initial tentative identification of Landano became a positive identification on the same day that he was questioned about bribing a police officer; and (4) the only eyewitness to the shooting of the officer and another prosecution witness each viewed Landano's photograph and rejected him as the perpetrator.  (Am. Compl. ¶¶69, 71, 73, 74); see also Landano v. State, 271 N.J.Super. 1, 43 (App.Div. 1994).  Landano was eventually retried for Officer's Snow's murder and was acquitted on July 27, 1998.  (Am. Compl.

3

¶100.)

Plaintiffs filed the Complaint in this matter against the above-named Defendants on October 5, 1999 and an Amended Complaint on October 29, 1999.  Plaintiffs assert claims for malicious prosecution, wrongful imprisonment, withholding of evidence, and conspiracy in violation of Jimmy Landano's constitutional rights protected under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985 and 1986.  Plaintiffs also allege state tort and common law claims including intentional infliction of emotional distress, state and federal constitutional torts, malicious prosecution, false imprisonment, and per quod claims by Plaintiff Camille Landano.

Specifically with regards to Defendant City of Newark, Plaintiffs allege that the City of Newark is "a corporate body organized under the laws of the State of New Jersey.  It is, at all times herein a policy maker.  The City of Newark operates and governs the Newark Police Department pursuant to the laws of New Jersey." (Am. Compl. ¶16.)  The amended complaint further alleges that the City of Newark conspired with other defendants in order to deprive Landano of his constitutional rights (id. at ¶102), and that it was the "policy, practice and custom of the City of Newark to authorize certain detectives, investigators and police officers within its police department to suppress clearly exculpatory evidence and cause persons . . . to be arrested without actual probable cause.  This policy and practice . . . encouraged and caused constitutional violations." (Id. at ¶114-15.)  The amended complaint also includes an allegation that the City of Newark failed to adequately "train, direct, supervise or control" its police force. (Id. at ¶116).

On June 28, 2000, the Town of Kearny moved for dismissal pursuant to Fed. R.Civ. P. 12(b)(6) and 12(c).  (Civil Action Docket.)  Defendant Town of Kearny's motion was granted in part by the Honorable John C. Lifland, United States District Judge.  (Id.)  Dismissed were the

4

§ 1983, § 1985 and § 1986 claims, claims for infliction of emotional distress, federal constitutional claims, and false imprisonment claims. (*Id.*) State constitutional claims, claims for malicious prosecution and state constitutional tort claims were permitted to go forward because Defendant Town of Kearny failed to set forth support that no issues of material fact existed, because the statute of limitations had expired and because factual inquiries are not permitted under Rule 12(c). (*Id.*)

On June 30, 2000, Defendant City of Newark moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*) Defendant City of Newark's motion was granted in part by the Honorable John C. Lifland, United States District Judge. (*Id.*) Dismissed were the § 1985 and § 1986 claims, state law tort claims of intentional infliction of emotional distress and false imprisonment, and attendant per quod claims. (*Id.*) § 1983 claims and claims for malicious prosecution were permitted to go forward, as neither were filed outside the prescribed statute of limitations. (*Id.*)

On July 25, 2005 and August 1, 2005 respectively, Defendants filed the instant Motions for Summary Judgment. (*Id.* at #'s 145, 150.)

II.     **STANDARD OF REVIEW**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Like Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prod. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255-56.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id., "its opponent must do more than simply show that there is some metaphysical doubt as to the

6

material facts." Matsushita, 475 U.S. at 586, n.12; see also Anderson, 477 U.S. at 247-48 ("[B]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324: see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant" but rather must exceed the 'mere scintilla' threshold.), cert. denied, 507 U.S. 912 (1993). Here, the material facts are undisputed, and thus, the matter is ripe for summary judgment.

### III. DEFENDANT TOWN OF KEARNY AND DEFENDANT CITY OF NEWARK'S MOTIONS FOR SUMMARY JUDGMENT

Defendants Town of Kearny and City of Newark now move for summary judgment to dismiss the remaining counts of Plaintiff's Amended Complaint against them. Defendants support their motions by asserting that Plaintiffs have failed to produce any evidence of a policy, practice or custom of withholding exculpatory evidence, as alleged in Counts Five and Eight of Plaintiffs' Amended Complaint. Defendants further allege that they had absolutely no involvement regarding the prosecution of Jimmy Landano.

Plaintiffs' opposition does not respond to the substance of Defendant Kearny's Motion for Summary Judgment, but rather, argues that said motion should be denied based upon a procedural defect.[13] Plaintiffs' opposition does respond to the substance of Defendant City of Newark's motion, and asserts that there are material questions of fact as to whether the City of Newark, through the Newark Police Department, engaged in a practice of malicious prosecution and violations of civil rights. As such, Plaintiffs argue, Defendant Newark's motion should be denied.

### § 1983 Claim against Defendant Newark and State Constitutional Claims Pursuant to Counts Five and Eight for Defendant Newark and Defendant Kearny

Defendants may be liable for the misconduct of its police force under § 1983 and state constitutional violations if Plaintiffs can show that the town established a policy, practice or custom followed by the police department. Monell v. Dept. of Social Servs. of New York, 436 U.S. 658, 691 (1978); MB v. City of Philadelphia, 2003 WL 733879 (E.D.Pa. 2003) (utilizing same standard to state law claims). Defendants will not be held liable under a respondeat superior theory of liability, however. Monell at 663. Moreover, "when a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged [action] implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); see also Monell at 691.

---

[13] Specifically, Plaintiffs argue that Defendant Kearny failed to file a L. Civ. R. 56.1 statement in support of their motion, and that such failure is by itself sufficient to deny a summary judgment motion.

The Court rejects the notion of dismissing Defendant Kearny's Motion for Summary Judgment on a technical issue that does not hamper the substantive analysis and will review Defendant Kearny's motion on its merits.

> A government policy or custom can be established in two ways. Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well-settled as to virtually constitute law.

Beck at 971; see also Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A custom may also be established by evidence of knowledge of the misconduct and acquiescence in the continuing action. Fletcher v. O'Donnell, 867 F.2d 791, 793 (3d Cir. 1989).

Here, the facts set forth by Plaintiffs regarding Defendants are limited to the actions of a detective of the Kearny police department who allegedly prepared a report that hid exculpatory evidence. This single allegation regarding one "particular officer [who] may be unsatisfactorily trained will not alone suffice to fasten liability on the city." City of Canton v. Harris, 489 U.S. 378, 379 (1988).[14] Nor do Plaintiffs' allegations against one detective reflect Defendants policies, practices or customs. Plaintiffs offer no evidence whatsoever which links that detective's actions with any instruction, overt or covert, from Defendants. To impose liability in such circumstances would place Defendants in a respondeat superior position of liability for every action of every town employee. This is clearly disallowed pursuant the Supreme Court's holding in Monell.

As such, there are no questions of material facts and Defendants are entitled to judgment as a matter of law. Pursuant to the holding in Monell, Plaintiffs' state constitutional claims (Counts Five and Eight of Plaintiffs' Amended Complaint against both Defendants) and § 1983

---

[14] In their opposition brief, Plaintiffs offer as additional support the contention that Defendants were withholding witnesses with knowledge of events relevant to Plaintiffs' claims. Again, Plaintiffs offer no factual support to support the contention and therefore, Plaintiffs have failed to support their burden in opposition to summary judgment.

claims (against Defendant Newark) shall be dismissed.

**Malicious Prosecution - Count Six**

Plaintiffs allege that Defendants undertook Jimmy Landano's criminal prosecution with malice and were without probable cause to believe that Jimmy Landano was the person responsible for Officer Snow's murder. (Am. Compl. ¶¶145-47.)

To prove malicious prosecution under New Jersey law, the following elements must be present: (1) a criminal proceeding must have been instituted or continued by the defendant against the plaintiff; (2) terminated in favor of the accused; (3) with absence of probable cause for the charge; and (4) with malice (which may be inferred from lack of probable cause) or a primary purpose other than bringing the offender to justice. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Hill v. Algor, 85 F.Supp.2d 391, 412 (D.N.J. 2000).

The first element requires that a criminal proceeding be instituted or continued by Defendants. Passive knowledge of, or consent to, the acts of another who causes a prosecution are not sufficient to make one liable. Robinson v. Winslow Township, 973 F.Supp. 461, 473 (D.N.J. 1997). In order to impose liability there must be some affirmative action causing the institution of the proceeding, or affirmatively encouraging the prosecution or its continuance after it has been instituted. Robinson at 474.

Here, Plaintiffs have failed to demonstrate that Defendants had any direct knowledge or input into Jimmy Landano's prosecution. Further, Plaintiffs have not shown that Defendants undertook any affirmative actions or encouragement before, during or after Landano's prosecution. Plaintiffs have therefore failed to demonstrate that the first element has been satisfied.

10

Plaintiffs do satisfy the second element, but fail to satisfy the third and fourth elements. Specifically, it is evident from the facts offered by all parties that Jimmy Landano's initial verdict was overturned, that he was retried, and subsequently acquitted of all charges. However, Plaintiffs fail to demonstrate that there was a lack of probable cause to initiate the prosecution, or that the initiation was instituted with malice. Although not initiated by Defendants, which potentially relieves said Defendants of liability at any rate, the prosecution of Jimmy Landano was based on evidence that survived the scrutiny of among other procedural safeguards, at least one state judge and two grand juries. Therefore, there is no factual support that Defendants acted in any respect regarding Jimmy Landano's prosecution, but if so, that any actions were without probable cause and/or malicious.

Plaintiffs therefore fail to satisfy the elements required to show malicious prosecution on behalf of Defendants, and Count Six must be dismissed.

### Related *Per Quod* Claims

Plaintiff Camille Landano asserts *per quod* claims for damages sustained as the wife of Jimmy Landano. However, *per quod* claims are "only maintainable by reason of a spouse's personal injury." Weir v. Market Transition Facility of N.J., 318 N.J. Super. 436, 444 (App. Div. 1999). As such, Camille Landano's claims must be subject to the same limitations as Jimmy Landano's claims. "It depends upon and is incidental to the personal injury action [of the spouse]. Our courts have characterized [*per quod* claims] as a derivative claim, not a separate cause of action." Weir at 444 (citing Tichenor v. Santillo, 218 N.J. Super. 165, 173 (App. Div. 1987).

Therefore, Camille Landano's *per quod* claims as they relate to the claims against Defendants as set forth in Counts Five, Six and Eight, and as they relate to Defendant City of Newark's § 1983 claims shall be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant Town of Kearny and Defendant City of Newark's Motions for Summary Judgment shall be GRANTED.

                                             s/ Garrett E. Brown, Jr.
                                           GARRETT E. BROWN, JR., U.S.D.J.

Dated: May 18, 2006